UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TARA J. LOUX, MD,

    Plaintiff,

v.                                                     Case No: 8:21-cv-1891-WFJ-TGW

BAYCARE MEDICAL GROUP, INC.;
ST. JOSEPH'S HOSPITAL, INC.; and
ANAND NAYEE, MD,

    Defendants.
_____/

## ORDER

This matter comes before the Court on a motion to dismiss filed by Defendants Baycare Medical Group, Inc. ("BMG"), St. Joseph's Hospital, Inc. ("St. Joseph's"), and Anand Nayee, MD. Dkt. 28. Plaintiff Tara J. Loux, MD, filed a memorandum in opposition. Dkt. 32. The Court also received cogent oral argument from the parties at a hearing held on December 1, 2021. Upon consideration of the filings and arguments presented at the hearing, the Court denies Defendants' motion.

## BACKGROUND

Plaintiff is a double board-certified physician who formerly worked as a pediatric surgeon for BMG and the pediatric trauma medical director of St.

Joseph's in Hillsborough County, Florida. Dkt. 26 at 1, 3−4. BMG and St. Joseph's are both part of BayCare Health Systems, which employs over 29,000 individuals. *Id.* at 3.

Plaintiff alleges that she was continually subjected to gender discrimination while employed by BMG and St. Joseph's. *Id.* at 4. Plaintiff contends that after raising her concerns to individuals at BMG and St. Joseph's, she was subjected to an unauthorized review of complications that occurred in her past cases. *Id.* at 7−9. This review resulted in several of Plaintiff's past cases with complications being presented to St. Joseph's Peer Review Committee ("the Committee"). *Id.* at 9. Plaintiff contends that the Committee required that she choose between (1) accepting a "collegial intervention" that entailed a ninety-day ban on certain cases and a ninety-day period of another surgeon scrubbing-in on her procedures or (2) being recommended for an emergency suspension that would be reported to the National Practitioner's Data Bank ("NPDB"). *Id.* at 10.

Plaintiff asserts that Dr. Nayee, Chair of the Committee, falsely represented that her acceptance of the collegial intervention would not be a formal proctorship reported to the NPDB and that BMG would coordinate coverage for her during the sanction. *Id.* at 11. However, upon accepting the intervention, St. Joseph's reported to the NPDB that Plaintiff had been subjected to a proctorship due to quality-of-care issues. *Id.* On the day of St. Joseph's report, BMG terminated Plaintiff's

employment. *Id.* at 12. Plaintiff contends that she then revoked her acceptance of the intervention, but BMG refused to reinstate her employment. *Id.*

St. Joseph's subsequently notified Plaintiff that it was invoking an emergency suspension of her medical staff privileges. *Id.* at 13. Plaintiff states that this suspension was unwarranted, as she was not practicing at St. Joseph's at that time due to BMG's termination of her employment and confiscation of her hospital badge. *Id.* Plaintiff sought review of the suspension by St. Joseph's Medical Executive Committee, which lifted the suspension but imposed what was essentially the same collegial intervention that she previously faced. *Id.* at 13−14. Though Plaintiff sought review of this second sanction, it was twice upheld by St. Joseph's. *Id.* at 15.

Based on these events, Plaintiff brings a nine-count amended complaint. In Count I, Plaintiff alleges a gender discrimination claim against BMG. *Id.* at 16. Count II is a retaliation claim against the same. *Id.* at 18. Counts III and IV assert a gender discrimination claim and retaliation claim, respectively, against St. Joseph's. *Id.* at 19, 22. Plaintiff next brings an ADA discrimination claim against BMG in Count V. *Id.* at 23. In Count VI, Plaintiff alleges a fraud claim against BMG, St. Joseph's, and Dr. Nayee. *Id.* at 25. Plaintiff also brings a breach of contract claim against St. Joseph's in Count VII and a separate breach of contract claim against BMG in Count VIII. *Id.* at 28, 33. Finally, Count IX asserts an

3

unpaid wages claim against BMG. *Id.* at 33. Defendants move to dismiss Counts III and IV as shotgun pleadings under Fed. R. Civ. P. 10(b), and Counts VI, VII, VIII, and IX for failure to state claims under Fed. R. Civ. P. 12(b)(6). Dkt. 28 at 1.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* In considering a Rule 12(b)(6) motion to dismiss, a complaint's factual allegations are accepted as true and construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

Additionally, Rule 10(b) requires plaintiffs to bring their claims in separate, numbered paragraphs, with each claim "limited as far as practicable to a single set of circumstances." A complaint that violates this rule is often referred to as a shotgun pleading, which is a pleading that fails to give defendants adequate notice of the claims against them. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

## ANALYSIS

The Court turns first to Defendants' contention that Counts III and IV are shotgun pleadings. Counts III and IV allege gender discrimination and retaliation

claims, respectively, against St. Joseph's. Defendants assert that both claims conflate elements of disparate treatment and hostile work environment, thereby confusing the pleading. Dkt. 28 at 21. Plaintiff responds that she has properly pled Counts III and IV, as the disparate treatment and hostile work environment theories are part of the same causes of action and involve overlapping facts and elements. Dkt. 32 at 17−18.

The Court finds that Counts III and IV do not violate Rule 10(b). Both counts provide Defendants with adequate notice of the claims against them. Moreover, Defendants have not cited, nor has this Court found, any binding authority requiring disparate treatment and hostile work environment theories to be pled in separate counts when bringing claims of gender discrimination and retaliation. Counts III and IV need not be dismissed or re-pled.

Next, the Court considers Defendants' position that Counts VI, VII, VIII, and IX warrant dismissal under Rule 12(b)(6) for failure to state claims. Defendants contend that Plaintiff has not made the requisite showings of falsity and reasonable reliance in her Count VI fraud claim. Dkt. 28 at 4. Defendants relatedly argue that the Counts VII and VIII breach of contract claims fail because Defendants are immune from such suits under Florida law unless Plaintiff shows intentional fraud, which Defendants contend she failed to do in Count VI. *Id.* at 13, 15. Finally, Defendants allege that the Count IX unpaid wages claim fails based on

the terms of Plaintiff's employment agreement with BMG. *Id.* at 18.

Applying the standard for assessing a Rule 12(b)(6) motion to dismiss, Defendants' motion is denied. The Court finds at this stage of the proceedings that Plaintiff has alleged plausible claims for relief in the counts contested by Defendants. Plaintiff has set forth facts that, accepted as true and viewed in a light most favorable to her, sufficiently allege fraud, breaches of contract, and unpaid wages. Though Defendants may, in fact, be correct that they have immunity from the breach of contract claims under Florida law, immunity is a fact-intensive determination that is more appropriately addressed at the summary judgment stage. *Caruso v. Glencare, Inc.*, No. 8:14-cv-539-T-33AEP, 2014 WL 1796684, at *6 (M.D. Fla. May 6, 2014) (citing *Fariello v. Gavin*, 873 So. 2d 1243, 1245 (Fla. 5th DCA 2004)).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss, Dkt. 28, is **DENIED**. Defendants shall answer Plaintiff's complaint within fourteen (14) days.

**DONE AND ORDERED** at Tampa, Florida, on December 7, 2021.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record